1   Defendant's wrongful conduct outweighs any purported benefits attributable to such

2   conduct.

3          43.     By reason of the foregoing, Defendant has violated Cal. Bus. & Prof. Code §

4   17200, and is liable to Plaintiff and the other members of the Class for the damages that

5   they have suffered as a result of Defendant's actions, the amount of such damages to be

6   determined at trial, plus costs and attorneys' fees.

7                              **SECOND CAUSE OF ACTION**

8                    **(Breach of Implied Warranty of Merchantability)**

9          44.     Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1

10  through 43 above as if fully set forth herein.

11         45.     Defendant is a merchant with respect to computers, including PowerBook

12  computers manufactured and sold under the Apple brand.

13         46.     On or about April, 2004, Plaintiff purchased from Defendant a PowerBook

14  G4. An implied warranty that Plaintiff's PowerBook G4 was merchantable arose by

15  operation of law as part of the sale, and as part of the sales of PowerBook computers to

16  other members of the Class.

17         47.     Defendant breached the implied warranty of merchantability in that the

18  PowerBook computers sold to Plaintiff and the Class were not in merchantable condition

19  when sold or at any time thereafter, in that Plaintiff's and the Class' PowerBook computers

20  have defective memory slots.

21         48.     When purchasing their PowerBook computers, Plaintiff and the Class were

22  not aware of the memory slot defect as the defect was and is not open or obvious.

23         49.     Plaintiff notified Defendant of the memory slot defect in December, 2006,

24  which was the same month and year Plaintiff discovered the defect.

25         50.     Any attempt by Apple to limit the duration and scope of the implied warranty

26  of merchantability is unreasonable, unconscionable and void as Apple knew or recklessly

27  disregarded the fact that the memory slot defect existed and might not be discovered, if at

28  all, until such time as a PowerBook owner would attempt to install additional memory and

CALDWELL
LESLIE &
PROCTOR                                      -12-

                                     CLASS ACTION COMPLAINT

uncover the fact that the one or both of the memory slots were defective. Apple withheld information about the memory slot defect from PowerBook owners intending that owners would not uncover the defect until such time as any Apple written warranty in effect expired.

51. As a result of Apple's breach of the implied warranty of merchantability, Plaintiff and the Class have suffered incidental and consequential damages, including expenses incurred to repair the memory slot defect or replace their PowerBook computers, and damages representing the difference between the value of the defective PowerBooks purchased and the value the PowerBooks would have had if they had been as warranted and did not have defective memory slots.

52. By reason of the foregoing, Defendant is liable to Plaintiff and the other members of the Class for the damages that they have suffered as a result of Defendant's actions, the amount of such damages to be determined at trial.

## THIRD CAUSE OF ACTION

### (Breach of Implied Warranty of Fitness for a Particular Purpose)

53. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 52 above as if fully set forth herein.

54. In selling its PowerBook computers and placing them into the stream of commerce, Apple impliedly warranted that its PowerBook computers, specifically both of the PowerBooks' memory slots, were fit for their particular purpose, *i.e.*, adding memory (RAM).

55. Defendant breached the implied warranty of fitness for a particular purpose in that the PowerBook computers sold to Plaintiff and the Class were not fit for the particular purpose for which it was sold, in that Plaintiff's and the Class' PowerBook computers have defective memory slots.

56. When purchasing their PowerBook computers, Plaintiff and the Class were not aware of the memory slot defect as the defect was and is not open or obvious.

57. Plaintiff notified Defendant of the memory slot defect in December, 2006, which was the same month and year Plaintiff discovered the defect.

58. Any attempt by Apple to limit the duration and scope of the implied warranty of fitness for a particular purpose is unreasonable, unconscionable and void as Apple knew or recklessly disregarded the fact that the memory slot defect existed and might not be discovered, if at all, until such time as a PowerBook owner would attempt to install additional memory and uncover the fact that the one or both of the memory slots were defective. Apple withheld information about the memory slot defect from PowerBook owners intending that owners would not uncover the defect until such time as any Apple written warranty in effect expired.

59. As a result of Apple's breach of the implied warranty of fitness for a particular purpose, Plaintiff and the Class have suffered incidental and consequential damages, including expenses incurred to repair the memory slot defect or replace their PowerBook computers, and damages representing the difference between the value of the defective PowerBooks purchased and the value the PowerBooks would have had if they had been as warranted and did not have defective memory slots.

60. By reason of the foregoing, Defendant is liable to Plaintiff and the other members of the Class for the damages that they have suffered as a result of Defendant's actions, the amount of such damages to be determined at trial.

## FOURTH CAUSE OF ACTION

### (Violation of the Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1791 *et. seq.*)

61. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 60 above as if fully set forth herein.

62. As defined by the Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1791 et. seq., Plaintiff is a "buyer," Defendant is a "retailer" and "manufacturer," and Defendant's PowerBook computer is a "consumer good."

CALDWELL
LESLIE &
PROCTOR

CLASS ACTION COMPLAINT

63. As described above, PowerBook computers sold to Plaintiff and the Class were not in merchantable condition or fit for their intended use in that Plaintiff's and the Class' PowerBook computers have defective memory slots.

64. When purchasing their PowerBook computers, Plaintiff and the Class were not aware of the memory slot defect as the defect was and is not open or obvious.

65. By reason of the foregoing, Defendant has violated Cal. Civ. Code §§ 1791 et. seq., and pursuant to Cal. Civ. Code § 1794, is liable to Plaintiff and the other members of the Class for the damages that they have suffered as a result of Defendant's actions, the amount of such damages to be determined at trial, plus costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

**(Violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 et. seq.)**

66. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 65 above as if fully set forth herein.

67. The Apple PowerBook computer, including the Apple PowerBook G4, is a consumer product as that term is defined by 15 U.S.C. § 2301(1).

68. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 2301(3).

69. Defendant is a warrantor as that term is defined by 15 U.S.C. § 2301(5).

70. 15 U.S.C. § 2304(a)(1) requires Defendant, as a warrantor, to remedy any defect of its PowerBook computers within a reasonable time and without charge to Plaintiff and the Class, as defined in 15 U.S.C. § 2304(d).

71. Despite repeated demands from Plaintiff and the other Class members, Defendant has refused to remedy without charge the memory slot defect in its PowerBook computers.

72. As a result of Defendant's breaches of the implied warranties of merchantability and fitness for a particular purpose, as set forth above, Plaintiff and the Class have suffered damages, including but not limited to, expenses incurred to repair the memory slot defect or replace their PowerBook computers.

CLASS ACTION COMPLAINT

CALDWELL
LESLIE &
PROCTOR

73. By reason of the foregoing, Defendant is liable to Plaintiff and the other members of the Class for the damages that they have suffered as a result of Defendant's actions, the amount of such damages to be determined at trial, plus actual attorneys' fees and costs pursuant to 15 U.S.C. § 2310.

## SIXTH CAUSE OF ACTION

### (Negligence)

74. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 73 above as if fully set forth herein.

75. Defendant Apple owed a duty to Plaintiff and the Class to manufacture and sell PowerBook computers with functioning and non-defective memory slots.

76. Defendant breached its duty to use reasonable care in manufacturing PowerBook computers without defective memory slots in violation of, among other things, common and ordinary industry-wide standards of care, and in failing to act in accordance with all other applicable standards of care.

77. Moreover, Apple owed a duty to Plaintiff and the Class to inform Plaintiff and the Class in a timely manner that their PowerBook computers were manufactured with defective memory slots. Disclosure was required so that, among other things, Apple's customers could take appropriate measures to repair the defective memory slots while still covered by Apple's original one-year manufacturer's warranty, which expires one year after the date of purchase.

78. Defendant breached this duty by failing to notify Plaintiff and the Class in a timely manner that the memory slots in their PowerBook computers were defective, even after Apple was, or should have been, fully aware of the defect. Thus, Plaintiff and the Class were harmed by Defendant's delay in notification because, among other things, Plaintiff and the Class could not have the defective memory slots repaired by Apple while still covered by the one year warranty in effect from the date of purchase.

79. The resulting personal and financial burden, including but not limited to, the loss of time and money spent by Plaintiff and the Class in repairing at their own expense

the defective memory slots, in continuing to use PowerBook computers with non-functioning memory slots, and in seeking to prevent or undo further harm and other economic and non-economic damages, were the direct and proximate result of Defendant's violations of its duties of care, as described above.

80.     By reason of the foregoing, Defendant is liable to Plaintiff and the other members of the Class for the damages that they have suffered as a result of Defendant's negligence, the amount of such damages to be determined at trial.

<u>**SEVENTH CAUSE OF ACTION**</u>

**(Unjust Enrichment)**

81.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 80 above as if fully set forth herein.

82.     By engaging in the conduct described above, Defendant has unjustly enriched itself at the expense of Plaintiff and the other members of the Class and is required, in equity and good conscience, to compensate Plaintiff and the Class for damages suffered as a result of Defendant's actions.

83.     By reason of the foregoing, Defendant is liable to Plaintiff and the other members of the Class for damages incurred as a result of Defendant's actions, the amount of such damages to be determined at trial.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendant as follows:

1.     Certifying this action as a class action, pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, with a class as defined above;

2.     On Plaintiff's First Cause of Action, awarding against Defendant the damages that Plaintiff and the other members of the Class have suffered as a result of Defendant's actions, the amount of such damages to be determined at trial, plus costs and attorneys' fees;

CLASS ACTION COMPLAINT

3. On Plaintiff's Second Cause of Action, awarding against Defendant the damages that Plaintiff and the other members of the Class have suffered as a result of Defendant's actions, the amount of such damages to be determined at trial;

4. On Plaintiff's Third Cause of Action, awarding against Defendant the damages that Plaintiff and the other members of the Class have suffered as a result of Defendant's actions, the amount of such damages to be determined at trial;

5. On Plaintiff's Fourth Cause of Action, awarding against Defendant the damages that Plaintiff and the other members of the Class have suffered as a result of Defendant's actions, the amount of such damages to be determined at trial, plus costs and attorneys' fees;

6. On Plaintiff's Fifth Cause of Action, awarding against Defendant the damages that Plaintiff and the other members of the Class have suffered as a result of Defendant's actions, the amount of such damages to be determined at trial, plus actual attorneys' fees and costs pursuant to 15 U.S.C. § 2310;

7. On Plaintiff's Sixth Cause of Action, awarding against Defendant the damages that Plaintiff and the other members of the Class have suffered as a result of Defendant's actions, the amount of such damages to be determined at trial;

8. On Plaintiff's Seventh Cause of Action, awarding against Defendant the damages that Plaintiff and the other members of the Class have suffered as a result of Defendant's actions, the amount of such damages to be determined at trial;

9. Enjoining Apple from continuing to engage in unlawful and unfair business practices regarding PowerBook computers manufactured and sold with defective memory slots;

10. Ordering Apple to refund to Plaintiff and the Class the moneys paid to Apple for PowerBook computers with defective memory slots;

//
//
//

1    11.    Awarding Plaintiff interest, costs and attorneys' fees; and

2    12.    Awarding Plaintiff such other and further relief as this Court deems just and

3 proper.

4

5 DATED:  October 29, 2008          Respectfully submitted,

6                                   CALDWELL LESLIE & PROCTOR, PC
                                    ROBYN C. CROWTHER
7                                   ALBERT GIANG

8

9                                   By  *Robyn C. Crowther*
                                        ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
10                                      ROBYN C. CROWTHER
                                        Attorneys for Plaintiffs

CALDWELL
LESLIE &
PROCTOR

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury.

DATED: October 29, 2008

Respectfully submitted,

CALDWELL LESLIE & PROCTOR, PC
ROBYN C. CROWTHER
ALBERT GIANG

By _Robyn C. Cw_____
ROBYN C. CROWTHER
Attorneys for Plaintiffs

CLASS ACTION COMPLAINT