*<ins>E-FILED - 9/18/09</ins>*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROCKY MOUNTAIN BANK, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GOOGLE, INC., ) <br> ) <br> Defendant. ) <br> _____ ) | Case No.: C 09-4385 PVT <br><br> **ORDER DENYING PLAINTIFF'S MOTION TO FILE PLEADINGS UNDER SEAL** |

On September 18, 2009, Plaintiff filed a motion to file all pleadings and other filings in this matter under seal.[1] Having reviewed the papers submitted by the parties, the court finds it appropriate to issue this order without further briefing or oral argument. Based on the moving papers submitted,

IT IS HEREBY ORDERED that Plaintiff's motion is DENIED because Plaintiff has not shown that there are sufficiently compelling reasons for sealing the information to override the public's common law right of access to records in civil proceedings.

**I.    FACTUAL BACKGROUND**

Plaintiff is a full service banking institution which, among other things, offers various loans

---

[1] This case is assigned to Magistrate Judge Patricia V. Trumbull. However, because Magistrate Judge Trumbull is unavailable until September 23, 2009, Plaintiff's motion to seal has been referred to the current duty judge for the San Jose Division of this court.

ORDER, *page 1*

to individual consumers and corporate entities.[2] On August 12, 2009, Plaintiff received a request from one of its customers for Plaintiff to send certain loan statements to a third-party representative of that customer. That same day, an employee of Plaintiff attempted to send the requested information to the customer's representative via email. The next day, Plaintiff discovered that its employee had inadvertently sent the email to the wrong Gmail email address. In addition, Plaintiff discovered that attached to the email was a file containing confidential customer information for 1,325 individual and business customer accounts for customers other than just the customer who requested information. The confidential information includes names, addresses, tax identification numbers,[3] and loan information for each of the 1,325 customer accounts.

After learning of its inadvertent disclosure of confidential customer information, Plaintiff tried to recall the email without success. It then sent another email to the Gmail address, instructing the recipient to immediately delete the prior email and the attached file in its entirety without opening or reviewing it. Plaintiff also requested that the recipient contact Plaintiff to discuss his or her actions. The recipient has not responded to Plaintiff's email.

Plaintiff also contacted Google, the company that provides the Gmail service, and asked whether the Gmail account at issue is active or dormant and what steps could be taken to ensure that the confidential customer information was not used or disclosed. Google advised Plaintiff that it would not provide any information regarding the Gmail account at issue, and would not otherwise assist in preventing disclosure of the confidential customer information unless it was requested through a valid subpoena or other appropriate legal process.

**II.    LEGAL STANDARDS FOR SEALING COURT DOCUMENTS AND FILES**

The Supreme Court has acknowledged the existence of a common law right of access to records in civil proceedings: "It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978) (footnotes omitted). While the

---

[2]    The statement of facts herein is based on the allegations in the complaint.

[3]    The court assumes that for individual customers this would be their social security number.

1  Court recognized that this right to access is not absolute, it did not identify all factors to be weighed
2  in determining whether court files or documents may be sealed. Factors that the Ninth Circuit finds
3  relevant to this determination include:

> the public interest in understanding the judicial process and whether
> disclosure of the material could result in improper use of the material
> for scandalous or libelous purposes or infringement upon trade secrets.

*See Hagestad*, 49 F.3d at 1434 (internal citation and quotation marks omitted).

After considering all relevant factors, a court must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *See Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (quoting *Valley Broadcasting Co. v. United States Dist. Court*, 798 F.2d 1289, 1293 (9th Cir. 1986)); *see also, Foltz v. State Farm Mutual Automobile Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

**III.   DISCUSSION**

Plaintiff argues that if its complaint and motion papers are not filed under seal, all of its customers may learn of the inadvertent disclosure. Plaintiff further argues that publication of the disclosure before it determines whether the Gmail account is active or dormant will unnecessarily create panic among all of its customers and result in a surge of inquiry from its customers. In his declaration, Mark Hendrickson, states that "until there is a determination that the Confidential Customer Information was in fact disclosed and/or misused, the Bank cannot advise its customers on whether there was an improper disclosure." (*See* Declaration of Mark Hendrickson in Support of Motion to File Under Seal, filed herein on September 18, 2009, ¶ 18.)

An attempt by a bank to shield information about an unauthorized disclosure of confidential customer information until it can determine whether or not that information has been further disclosed and/or misused does not constitute a compelling reason that overrides the public's common law right of access to court filings. Plaintiff *is* already able to advise its customers that there has been an unauthorized disclosure of confidential customer information, and inform them of the steps it is taking to rectify the situation.[4] And Plaintiff has not shown that disclosure of the

---

[4] The possibility that the email has not been opened, or that the information has not been misused, does not change the fact that there already was an unauthorized disclosure of the information to an unknown third party.

1  information contained in its complaint and motion papers "could result in improper use of the
2  material for scandalous or libelous purposes or infringement upon trade secrets," or invasion of any
3  personal privacy rights that might warrant protection under Federal Rules of Civil Procedure 26(c).
4  Plaintiff has not disclosed any actual customer information in its pleadings or motion papers.[5]

5  IT IS FURTHER ORDERED that, notwithstanding the foregoing, Plaintiff may redact the
6  specific Gmail account name from copies of its complaint and motion papers that it files in the
7  public record, in order to allow the owner of that account time to seek an order sealing that
8  information if such sealing is warranted.  Until it is determined which documents will be filed in
9  redacted form in the public file, the clerk of the court shall maintain all filed documents under seal.
10 No later than September 21, 2009, Plaintiff shall email to the docket clerk for Magistrate Judge
11 Patricia V. Trumbull electronic copies of each document in which the Gmail account name has been
12 redacted, which the clerk of the court shall then file in the court's electronic filing system.  For those
13 documents, the clerk of the court shall file under seal the unredacted originals which were
14 previously filed.  For all documents that do not include the specific Gmail account name, Plaintiff
15 shall promptly electronically file them.

16 IT IS FURTHER ORDERED that the clerk of the court shall promptly unseal this case, so
17 that it is accessible through the court's electronic filing system and through Pacer.

18 Dated:   9/18/09

*/s/ Ronald M. Whyte*

RONALD M. WHYTE
United States District Judge

---

[5] In the event Plaintiff finds it necessary to disclose any actual customer information in future filings, it may move to seal the confidential portions of those filings pursuant to this court's Civil Local Rule 79-5.

ORDER, *page 4*