GRACE Y. HOROUPIAN (SBN 180337)
**KUTAK ROCK LLP**
Suite 1100
18201 Von Karman Avenue
Irvine, CA  92612-1077
Telephone:  (949) 417-0999
Facsimile:   (949) 417-5394
Email:  grace.horoupian@kutakrock.com

NEIL L. ARNEY (SBN 125682)
**KUTAK ROCK LLP**
Suite 3100
1801 California Avenue
Denver, CO  80202
Telephone:  (303) 297-2400
Facsimile:   (303) 292-7799
Email:       neil.arney@kutakrock.com

Attorneys for Plaintiff
ROCKY MOUNTAIN BANK, a
Wyoming corporation

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCKY MOUNTAIN BANK, a Wyoming corporation,<br><br>             Plaintiff,<br><br>v.<br><br>GOOGLE INC., a Delaware corporation,<br><br>             Defendant. | Case No.  5:09-CV-04385 PVT<br><br>**MOTION TO FILE PLEADINGS UNDER SEAL**<br>*(FILED UNDER SEAL)*<br><br>Hearing Date:  _____<br>Time:                      a.m.<br>Room:<br><br>Trial Date:          Not Scheduled<br>Date Action Filed: _____<br>Judge: Hon. |

---

**MOTION TO FILE UNDER SEAL**
**CASE NO. _____**

4835-4594-6884.1

Plaintiff Rocky Mountain Bank, by and through its attorneys Kutak Rock LLP, hereby submits the following Motion to File Pleadings Under Seal and in support thereof, states and alleges as follows:

**INTRODUCTION**

The Bank is a full service banking institution which, among other things, offers various loans to individual consumers and corporate entities. (*See* Mark Hendrickson's Declaration filed herewith (the "Declaration"), ¶ 4) In connection with a request for information from one of the Bank's customers, the Bank inadvertently sent the information to the wrong "gmail" account, which is an email account established through www.google.com. (Declaration, ¶¶ 5 and 6) In sending the email, the Bank also inadvertently attached confidential account information of 1,324 other accounts, including names, addresses, tax identification numbers, and account numbers of customers. (Declaration, ¶ 8) The Bank is taking all appropriate steps to protect the confidential customer information and to prevent the misuse of such information.

In connection with the Bank's internal investigation and evaluation of the likelihood that the confidential customer information has been or will be misused and to adequately protect the confidential customer information, the Bank has determined that it is necessary to: (a) prevent Google Inc. ("Google") and the Google account holder from using the Confidential Customer Information; (b) have the Gmail Account immediately frozen or deactivated to prevent any access to the confidential customer information; (c) permanently delete the inadvertent email from Google's system; (d) determine the status of the "gmail" account, specifically, whether the "gmail" account is active or dormant and whether the inadvertent email was opened or otherwise manipulated by the account holder; and (e) in the event that the "gmail" account is not dormant, ascertain the identity of the "gmail" account holder, so that the Bank can take appropriate steps with the account holder to ensure that the confidential customer information is not distributed or otherwise

1  misused. (Declaration, ¶15) The Bank has requested information from Google
2  regarding the "gmail" account and has requested Google's assistance in preventing
3  further disclosure of the confidential customer information. Google, however, has
4  refused to disclose any information to the Bank or to assist the Bank in its efforts to
5  prevent disclosure of the confidential customer information, unless and until it is
6  subject to legal process. (Declaration, ¶14)

7  Accordingly, the Bank has filed a Verified Complaint for Declaratory and
8  Injunctive Relief against Defendant Google Inc. (the "Verified Complaint"). In
9  connection therewith, the Bank has filed its Memorandum of Points and Authorities
10  in Support of Motion for Temporary Restraining Order and Preliminary Injunction
11  (the "Motion for Injunctive Relief"). (Declaration, ¶17) However, until the Bank is
12  able to determine the status of the "gmail" account there is no need for the Bank to
13  contact its account holders or needlessly panic its customers. Therefore, it is
14  imperative that the pleadings and filings in this action are filed under seal.

## ARGUMENT

Although there is a presumption in favor of access to court records, it "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Foltz v. State Farm Mutual Automobile Insurance Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); *see also Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-9 (9th Cir. 2003). As the Verified Complaint and the Motion for Injunctive Relief contain information that could potentially alarm the Bank's customers and create needless panic, compelling reasons exist to grant the Bank's Motion to File Under Seal.

The Bank is taking all appropriate steps to ensure that the confidential customer information is not misused. However, until the Bank is able to determine the status of the "gmail" account there is no need for the Bank to contact its account holders. If the Motion and the Verified Complaint are not permitted to be filed under seal, all of the Bank's customers may learn of the inadvertent disclosure and

1 assume that it was in fact their confidential information that was disclosed. Publication of the inadvertent disclosure of confidential information prior to making a determination as to whether the "gmail" account is active or dormant will unnecessarily create panic among all of the Bank's customers and result in a surge of inquiry from the Bank's customers.

WHEREFORE, Plaintiff Rocky Mountain Bank respectfully requests that its Verified Complaint, Motion for Injunctive Relief and all other pleadings and filings in this matter be filed under seal and for such other relief as the Court deems appropriate.

Respectfully submitted this 18th day of September, 2009.

**KUTAK ROCK LLP**

By: */s/ Grace Y. Horoupian*
Grace Y. Horoupian
ATTORNEYS FOR PLAINTIFF
ROCKY MOUNTAIN BANK