1  GRACE Y. HOROUPIAN (SBN 180337)
2  **KUTAK ROCK LLP**
   Suite 1100
   18201 Von Karman Avenue
3  Irvine, CA  92612-1077
   Telephone:  (949) 417-0999
4  Facsimile:  (949) 417-5394
   Email:  grace.horoupian@kutakrock.com
5
   NEIL L. ARNEY (SBN 125682)
6  **KUTAK ROCK LLP**
   Suite 3100
7  1801 California Avenue
   Denver, CO  80202
8  Telephone:  (303) 297-2400
   Facsimile:  (303) 292-7799
9  Email:       neil.arney@kutakrock.com

10 Attorneys for Plaintiff
   ROCKY MOUNTAIN BANK, a
11 Wyoming corporation

12            **UNITED STATES DISTRICT COURT**

13           **NORTHERN DISTRICT OF CALIFORNIA**

14

15 ROCKY MOUNTAIN BANK, a          | Case No.  5:09-CV-04385 PVT
   Wyoming corporation,            |
16                                 | **MEMORANDUM OF POINTS AND**
                                   | **AUTHORITIES IN SUPPORT OF**
                   Plaintiff,      | **MOTION FOR TEMPORARY**
17                                 | **RESTRAINING ORDER AND**
   v.                              | **PRELIMINARY INJUNCTION**
18                                 | ~~*(FILED UNDER SEAL)*~~  *[REDACTED]*
   GOOGLE INC., a Delaware         |
19 corporation,                    | Hearing Date:  _____
                                   | Time:              a.m.
20                 Defendant.      | Room:
21                                 | Trial Date:        Not Scheduled
22                                 | Date Action Filed:  _____
                                   | Judge: Hon.
23

24

25

26

27

28

---

**MEMORANDUM IN SUPPORT OF MOTION FOR TRO AND PRELIMINARY INJUNCTION**
**CASE NO. _____**

4826-6632-1156.2

# TABLE OF CONTENTS

**Page**

INTRODUCTION AND SUMMARY OF ARGUMENT ........................................1

STATEMENT OF FACTS ..............................................................................2

ARGUMENT .................................................................................................5

I.    TRO AND PRELIMINARY INJUNCTION STANDARD. .........................5

II.    THE BANK IS LIKELY TO PREVAIL ON THE MERITS, OR AT A MINIMUM, THERE IS A SERIOUS QUESTION GOING TO THE MERITS OF THE CLAIM. ..............................................................6

III.    THE BALANCE OF HARDSHIPS TIPS DECIDEDLY IN FAVOR OF ISSUING TRO AND PRELIMINARY INJUNCTION. ........................7

IV.    THE PUBLIC INTEREST DICTATES THAT PLAINTIFF'S REQUEST FOR EXTRAORDINARY RELIEF BE GRANTED. ................9

CONCLUSION ...............................................................................................9

1

## TABLE OF AUTHORITIES

2

**Page**

3

### CASES

4

*Diamontiney v. Borg,*
    918 F.2d 793, 795 (9th Cir. 1990).................................................................5

5

*First Brands Corp. v. Fred Myers, Inc.,*
    809 F.2d 1378, 1381 (9th Cir. 1987)............................................................5

6

*Intel Corp. v. ULSI System Technology, Inc.,*

7
    995 F.2d 1566, 1568 (9th Cir. 1993)............................................................6

*Rodeo Collection, Ltd. v. West Seventh,*
8
    812 F.2d 1215, 1217 (9th Cir. 1987)............................................................5

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM IN SUPPORT OF MOTION FOR TRO AND PRELIMINARY INJUNCTION**
**CASE NO. _____**

4826-6632-1156.2

1   Plaintiff Rocky Mountain Bank, by and through its attorneys Kutak Rock
2   LLP, hereby submits the following Memorandum of Points and Authorities in
3   Support of its Motion for Temporary Restraining Order and Preliminary Injunction
4   against Defendant Google Inc. ("Google"):

**INTRODUCTION AND SUMMARY OF ARGUMENT**

6   The Bank is a full service banking institution which, among other things,
7   offers various loans to individual consumers and corporate entities.

8   The Bank is instituting this action against Google and is seeking the
9   injunctive relief requested herein to protect confidential and private information of
10  approximately 1,325 customer accounts, which was inadvertently sent to a Google
11  email account, namely **[Redacted]**@gmail.com. The information disclosed
12  includes customer names, addresses, tax identification numbers, and account
13  numbers.

14  After learning of the inadvertent disclosure the Bank took various steps to
15  ensure that the confidential customer information was not disclosed further or used
16  for any improper purpose, including contacting Google to request information and
17  assistance in preventing use and disclosure of the customer information.  Google,
18  however, took the position that it was not able to assist the Bank unless and until it
19  was served with legal process.  Therefore, the Bank has been forced to initiate this
20  action in order to protect the confidential and private information of its customers.

21  The Bank is entitled to the relief requested herein under the standards of this
22  Court for issuing temporary restraining orders and preliminary injunctions.  In
23  particular, the balance of harm weighs heavily in favor of the Bank and its
24  customers and there is, at least, a serious question going to the merits of the Bank's
25  claims.  In regard to the merits, Google and its email account holder have no rights
26  in or to the inadvertently disclosed information, while the Bank and its customers
27  have every right to prevent further disclosure and use of such information.  The
28  Bank, therefore, is likely to prevail on its requests to prevent disclosure and use of

1  the customer information.

2          In regard to the balance of harms, the Bank and its customers will suffer

3  extreme harm, including possible theft of customer identities and loss of customers

4  and reputation by the Bank.  Google, on the other hand, will suffer little or no harm

5  if it is ordered to disclose information about the email account and taking steps to

6  deactivate the account and deleting the inadvertently disclosed information.

7          Finally, there is a substantial public interest in preventing further disclosure

8  and use of customer information.

9          The Bank, therefore, is entitled to a temporary restraining order and

10  preliminary injunction as requested herein.

11                          **STATEMENT OF FACTS**

12          The Bank is a full service banking institution which, among other things,

13  offers various loans to individual consumers and corporate entities.  (Verified

14  Complaint ("Complaint"), ¶ 6.)   On August 12, 2009, the Bank received a

15  telephone call from a customer (the "Customer"), wherein the Customer requested

16  that the Bank send certain annual loan statements (the "Requested Information") to

17  a third-party representative of the Customer (the "Request").  (Complaint, ¶ 7.)

18          In connection with the Request, on August 12, 2009, at approximately 4:13

19  p.m., an employee of the Bank attempted to send the Customer's representative the

20  Requested Information via e-mail.  (Complaint, ¶ 8.)  At approximately 7:22 p.m.,

21  the Customer's representative informed the Customer, via email, that he had not

22  received the Requested Information.   The Customer forwarded the email to an

23  employee of the Bank at approximately 7:50 p.m.  (Complaint, ¶ 9.)

24          On August 13, 2009, an employee of the Bank discovered that the Requested

25  Information was inadvertently sent to the wrong email address (the "Inadvertent

26  Email").  The e-mail was sent to the following address: "**[Redacted]**@gmail.com"

27  (the "Gmail Account"), which is an account that was set up and maintained through

28  www.google.com.  Additionally, the Bank discovered that the information that was

**MEMORANDUM IN SUPPORT OF MOTION FOR TRO AND PRELIMINARY INJUNCTION**
**CASE NO. _____**
4826-6632-1156.2

1   attached to the Inadvertent Email contained confidential customer information
2   relating to 1,325 individual and business customer accounts (the "Customer
3   Accounts"), *i.e.*, for customers other than just the Customer who requested
4   information. (Complaint, ¶ 10.)

5          The customer information that was attached to the Inadvertent E-Mail
6   included names, addresses, tax identification numbers and loan information for
7   each of the 1,325 customer accounts.  The attached information is confidential
8   information of the Bank's customers and to which the Bank's customers have a
9   right to privacy (hereinafter the "Confidential Customer Information").
10  (Complaint, ¶ 11.)

11         Because of the inadvertent disclosure of the Confidential Customer
12  Information, state and federal regulations require the Bank to make a prompt and
13  good faith investigation to determine the likelihood that the Confidential Customer
14  Information has been or will be misused.  The reason for this investigation is to
15  ascertain if the privacy rights of the Customers are protected.  (Complaint, ¶ 12.)

16         After learning of the inadvertent disclosure of Confidential Customer
17  Information, the Bank immediately attempted to recall the Inadvertent Email, which
18  was sent using Microsoft Outlook.  However, the Bank's efforts to recall the email
19  were not successful.  The Bank is advised that the recipient of the email must also
20  be using Microsoft Outlook to recall an email.  Further, the Bank is advised that, if
21  the Inadvertent Email had already been opened, a recall attempt would be futile.
22  (Complaint, ¶ 13.)

23         On August 13, 2009, at approximately 1:57 p.m., Mark Hendrickson, the
24  President of the Bank, sent an email to the Gmail Account, whereby Mr.
25  Hendrickson instructed the recipient to immediately delete the Inadvertent Email
26  and the file attached thereto in its entirety without opening or reviewing it.  Mr.
27  Hendrickson also requested that the recipient immediately contact the Bank to
28  discuss his/her actions.  As of the date of this Memorandum, the Bank has not

1    received a response from the Gmail Account holder.  (Complaint, ¶ 14.)

2          In an effort to determine whether the Gmail Account is a valid, active email

3    address, on or about August 13, 2009, an employee of the Bank attempted to

4    register the email address through Google.com.  The Bank employee was unable to

5    register the address.  Therefore, the Bank concluded that Gmail Account was a

6    valid Google email address.  (Complaint, ¶ 15.)

7          The Bank believes and understands that Google has information regarding

8    the Gmail Account Holder, and regarding the status and activity level of the Gmail

9    Account.  The Bank also believes that Google has the ability to freeze the Gmail

10   Account and to take other steps to prevent access to and dissemination of the

11   inadvertently disclosed Confidential Customer Information.  Accordingly, in further

12   efforts to protect the Confidential Customer Information, both the Bank and the

13   Bank's undersigned counsel contacted Google's legal support via email and

14   informed Google that Confidential Customer Information was sent to one of its

15   "gmail" accounts and inquired as to whether the account was active or dormant and

16   what steps could be taken to ensure that the Confidential Customer Information was

17   not used or disclosed.  However, Google advised the Bank and undersigned counsel

18   that it would not provide any information regarding the Gmail Account and would

19   not otherwise assist in preventing disclosure of the Confidential Customer

20   Information except and unless it was requested through "a valid third-party

21   subpoena or other appropriate legal process."  (Complaint, ¶ 16.)

22         In connection with the Bank's internal investigation and evaluation of the

23   likelihood that the Confidential Customer Information has been or will be misused,

24   the Bank has determined that it is necessary to: (a) prevent Google or the Google

25   account holder from using the Confidential Customer Information; (b) have the

26   Gmail Account immediately frozen or deactivated to prevent any access to the

27   Confidential Customer Information; (c) delete the Inadvertent Email from Google's

28   system; (d) determine the status of the Gmail Account, specifically, whether the

1   Gmail Account is active or dormant and whether the Inadvertent Email was opened

2   or otherwise manipulated by the account holder; and (e) in the event that the Gmail

3   Account is not dormant, ascertain the identity of the Gmail Account holder, so that

4   the Bank can take appropriate steps with the account holder to ensure that the

5   Confidential Customer Information is not distributed or otherwise misused.

6   (Complaint, ¶ 17.)

7       In connection with the Bank's internal investigation, on September 1, 2009

8   the Bank notified the Wyoming Division of Banking and the Tenth Federal Reserve

9   District (collectively, the "Regulators") of the Inadvertent Email and the steps the

10  Bank had taken and planned to take to protect its customer information.   The

11  Regulators confirmed that the Bank was taking proper steps in connection with the

12  Inadvertent Email and agreed that the Bank must take action to have the Gmail

13  Account frozen and/or determine the status of the Gmail Account.  (Complaint, ¶

14  18.)

15                              **ARGUMENT**

16  **I.    TRO AND PRELIMINARY INJUNCTION STANDARD.**

17      Federal Rule of Civil Procedure 65 sets forth the procedure for issuance of a

18  temporary restraining order ("TRO") and preliminary injunction.  The Ninth Circuit

19  has held that, a plaintiff is entitled to a TRO and preliminary injunction if there

20  exists a  combination of probable success on the merits and the probability of

21  irreparable injury if an injunction is not granted, or, even if there are serious

22  questions going to the merits of the claim, where the balance of hardships tips

23  heavy in favor of the moving party. *See First Brands Corp. v. Fred Myers, Inc.*,

24  809 F.2d 1378, 1381 (9th Cir. 1987); *see also Diamontiney v. Borg*, 918 F.2d 793,

25  795 (9th Cir. 1990).  These are not two distinct and independent tests: they are "the

26  opposite ends of a single continuum in which the required showing of harm varies

27  inversely with the required showing of meritoriousness." *See Rodeo Collection,*

28  *Ltd. v. West Seventh*, 812 F.2d 1215, 1217 (9th Cir. 1987); *see also Diamontiney*,

918 F.2d at 795. The court should also consider the impact of the injunction on the public interest. *Intel Corp. v. ULSI System Technology, Inc.*, 995 F.2d 1566, 1568 (9th Cir. 1993).

## II. THE BANK IS LIKELY TO PREVAIL ON THE MERITS, OR AT A MINIMUM, THERE IS A SERIOUS QUESTION GOING TO THE MERITS OF THE CLAIM.

The Bank has asserted two causes of action in its Verified Complaint, namely declaratory relief and injunctive relief against Google.

In the Bank's first cause of action for declaratory judgment, the Bank seeks a declaration that it is entitled to the information regarding the status of the Gmail Account, including whether the Inadvertent Email was delivered, opened, or otherwise manipulated so that it can determine what further steps are necessary to protect the Confidential Customer Information. In the event that the Gmail Account is not dormant, then Google requests a declaration that it is entitled to information sufficient to identify of the Gmail Account holder. In addition, the Bank requests a declaration that Google is required to take all reasonable steps to ensure that the Confidential Customer Information is not accessed, used or distributed, including, but not limited to, deactivating the Gmail Account and deleting the Inadvertent Email from its system.

The Bank's second cause of action for injunctive relief seeks an order to: (a) restrain and permanently enjoin Google and its account holder from accessing, distributing, or using the Confidential Customer Information; (b) require Google to immediately deactivate the Gmail Account or any other steps within its power to prevent access to the Gmail Account; (c) require Google to delete the Inadvertent Email and the Confidential Customer Information form its system; (d) require Google to immediately disclose the status of the Gmail Account; specifically, whether the Gmail Account is active or dormant and whether the Inadvertent Email was opened or otherwise manipulated by the account holder; and (e) in the event

that the Gmail Account is not dormant, require Google to disclose all information that it has regarding the Gmail Account holder to allow the Bank to prevent the account holder from using or distributing the Confidential Customer Information.

The Bank is entitled to the relief requested because it has an obligation, legal and otherwise, to protect the privacy of its customers.  In addition, in light of Google's refusal to provide information on the Gmail Account or otherwise assist the Bank in preventing further disclosure or use of the Confidential Customer Information, the Bank has no other avenue or remedy at law to ensure that its customer's privacy rights are protected.  Furthermore, neither Google nor the recipient of the Inadvertent Email has any legal right to the Confidential Customer Information or any right to retain or use such information for any purpose.

Therefore, the Bank is likely to prevail on the merits of its request for declaratory and injunctive relief, or the facts presented herein create a serious question as to the merits of the Bank's claim that support entry of a TRO and preliminary injunction.

## III.   THE BALANCE OF HARDSHIPS TIPS DECIDEDLY IN FAVOR OF ISSUING A TRO AND PRELIMINARY INJUNCTION.

If the TRO and preliminary injunction are not issued as requested herein, the Bank and its customers will suffer substantial and irreparable harm.

The Bank has an affirmative obligation to take reasonable steps to protect the Confidential Customer Information and to make a prompt and good faith investigation to determine the likelihood that the Confidential Customer Information has been or will be misused.  The only way for the Bank to determine if the Confidential Customer Information has been or could be misused is for this Court to enter the TRO and preliminary injunction requested herein.  If the Bank's requested relief is not granted, the Bank will be forced to notify every account holder of the inadvertent disclosure.  Such notice will result in the Bank losing customers and will significantly and negatively impact the Bank's reputation.  This

1   harm would be irreparable and unnecessary if the Bank is able to determine that the

2   Confidential Customer Information was not accessed, disclosed further, or used by

3   Google or the Google Gmail Account holder, and if the Bank can ensure that such

4   information cannot be used in the future.  In addition, the Bank customers may be

5   needlessly alarmed if in fact the Gmail Account is dormant, the Inadvertent Email

6   was deleted or destroyed without disclosure of the Confidential Customer

7   Information.   Further, there is a significant cost involved in notifying Bank

8   customers of the inadvertent disclosure, which could be avoided if the requested

9   relief is granted.

10        In addition to the harm to the Bank, the Bank's customers also would be

11  irreparably harmed if this Motion is not granted and the Confidential Customer

12  Information is allowed to be used and/or disclosed.  In particular, the use and

13  disclosure of the Confidential Customer Information could result in the identify

14  theft of more than 1,300 customers.

15        Google is in the unique position of having information that is essential to

16  determining whether and how the Confidential Customer Information was used and

17  in the position of being able to prevent access to and use of such information.

18  Accordingly, the Bank cannot take necessary steps to protect its customers and the

19  Confidential Customer Information until it is able to determine the status of the

20  Gmail Account and what if any action was taken by the recipient in connection with

21  the Inadvertent Email.

22        Google stands to suffer little more than a minor inconvenience if it is

23  required to disclose the information requested with respect to the Gmail Account

24  and to deactivate the account to ensure the Confidential Customer Information is

25  not disclosed, accessed or used.  Moreover, it is the Bank's understanding that to

26  determine whether an account is fact active and whether the Inadvertent Email was

27  opened is a very simple task which may be performed with little effort.  To the

28  extent that the Gmail Account is active and Google discloses information regarding

1  the account holder, the Bank will agree that such disclosure will be subject to a

2  reasonable protective order.

3  **IV.  THE   PUBLIC   INTEREST   DICTATES   THAT   PLAINTIFF'S**

4  **REQUEST FOR EXTRAORDINARY RELIEF BE GRANTED.**

5  The public interest in the issuance of a TRO and preliminary injunction is a

6  factor that can be considered in appropriate cases.  In this case the public interest in

7  ensuring that the Confidential Customer Information relating to both individual

8  consumers and business entities is not misused weighs strongly in favor of issuing

9  the  preliminary  injunction  and  requiring  Google  to  disclose  the  information

10  regarding the status of the Gmail Account.

11  The public clearly has an interest in protecting confidential information and

12  maintaining confidence in banking institutions.  The Bank is acting on behalf of the

13  holders of the Customer Accounts which clearly need some avenue of redress to

14  ensure that their information has not been and cannot be misused and to potentially

15  mitigate any damages which may have already occurred.

16  **CONCLUSION**

17  For  the  foregoing  reasons,  Plaintiff  Rocky  Mountain  Bank  respectfully

18  requests that the Court issue a TRO and preliminary injunction (a) restraining and

19  permanently enjoining Google and its account holder from accessing, distributing,

20  or  using  the  Confidential  Customer  Information;  (b)  requiring  Google  to

21  immediately deactivate the Gmail Account or any other steps within its power to

22  prevent access to the Gmail Account; (c) requiring Google to delete the Inadvertent

23  Email and the Confidential Customer Information from its system; (d) requiring

24  Google to immediately disclose the status of the Gmail Account; specifically,

25  whether the Gmail Account is active or dormant and whether the Inadvertent Email

26  was opened or otherwise manipulated by the account holder; and (e) in the event

27  that the Gmail Account is not dormant, requiring Google to disclose all information

28  that it has regarding the Gmail Account holder to allow the Bank to prevent the

1  account holder from using or distributing the Confidential Customer Information.

2      Respectfully submitted this 17th day of September, 2009.

3

4                                    **KUTAK ROCK LLP**

5

6                                    By:  /s/ *Grace Y. Horoupian*

7                                         Grace Y. Horoupian
                                          ATTORNEYS FOR PLAINTIFF
8                                         ROCKY MOUNTAIN BANK

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM IN SUPPORT OF MOTION FOR TRO AND PRELIMINARY INJUNCTION
CASE NO. _____**
4826-6632-1156.2