| | |
|---|---|
| 1 | GRACE Y. HOROUPIAN (SBN 180337)<br>**KUTAK ROCK LLP**<br>Suite 1100<br>18201 Von Karman Avenue<br>Irvine, CA  92612-1077<br>Telephone:   (949) 417-0999<br>Facsimile:    (949) 417-5394<br>Email:  grace.horoupian@kutakrock.com |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | NEIL L. ARNEY (SBN 125682)<br>**KUTAK ROCK LLP**<br>Suite 3100<br>1801 California Avenue<br>Denver, CO  80202<br>Telephone:   (303) 297-2400<br>Facsimile:    (303) 292-7799<br>Email:        neil.arney@kutakrock.com |
| 7 | |
| 8 | |
| 9 | |
| 10 | Attorneys for Plaintiff<br>ROCKY MOUNTAIN BANK, a<br>Wyoming corporation |
| 11 | |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROCKY MOUNTAIN BANK, a Wyoming corporation,<br><br>            Plaintiff,<br><br>v.<br><br>GOOGLE INC., a Delaware corporation,<br><br>            Defendant. | Case No.  5:09-CV-04385 PVT<br><br>**DECLARATION OF MARK HENDRICKSON IN SUPPORT OF MOTION TO FILE UNDER SEAL**<br>~~*(FILED UNDER SEAL)*~~ *[REDACTED]* |

---

**DECLARATION OF MARK HENDRICKSON IN SUPPORT OF MOTION TO FILE UNDER SEAL**
**CASE NO. _____**

4823-4178-8420.1

I, Mark Hendrickson, being over the age of 18, and having been duly sworn and under oath, state as follows:

1. I am the President of Rocky Mountain Bank (the "Bank"). As such, I have personal knowledge of the facts stated herein.

2. I submit this affidavit in support of the Bank's Motion to File Under Seal.

3. As Defendant Google Inc. has not yet been served with the Verified Complaint for Declaratory and Injunctive Relief (the "Verified Complaint") and the Memorandum of Point and Authorities in Support of Motion for Temporary Restraining Order and Preliminary Injunction (the "Motion for Injunctive Relief") the Bank is unable to obtain a stipulation regarding the Bank's Motion to File Under Seal (the "Motion"). Once Google's counsel has entered an appearance in this action the Bank intends to discuss the Motion with them.

4. The Bank is a full service banking institution which, among other things, offers various loans to individual consumers and corporate entities.

5. On August 12, 2009, the Bank received a telephone call from a customer (the "Customer"), wherein the Customer requested that the Bank send certain annual loan statements via e-mail (the "Requested Information") to a third-party representative of the Customer (the "Request").

6. In connection with the Request, on August 12, 2009, at approximately 4:13 p.m., an employee of the Bank attempted to send the Customer's representative the Requested Information via e-mail.

7. At approximately 7:22 p.m., the Customer's representative informed the Customer, via email, that he had not received the Requested Information. The Customer forwarded the email to an employee of the Bank at approximately 7:50 p.m.

8. On August 13, 2009, an employee of the Bank discovered that the Requested Information was inadvertently sent to the wrong email address (the

"Inadvertent Email"). The e-mail was sent to the following address: "[**REDACTED**]@gmail.com" (the "Gmail Account"), which is an account that was set up and maintained through www.google.com. Additionally, the Bank discovered that the information that was attached to the Inadvertent Email contained Confidential Customer Information relating to 1,325 individual and business customer accounts (the "Customer Accounts"), *i.e.*, for customers other than just the Customer who requested information.

9. The customer information that was attached to the Inadvertent E-Mail included names, addresses, tax identification numbers and loan information for each of the 1,325 customer accounts. The attached information is confidential information of the Bank's customers and to which the Bank's customers have a right to privacy (hereinafter the "Confidential Customer Information").

10. The Bank has taken and continues to take all reasonable and appropriate steps to ensure that the Confidential Customer Information is not disclosed or used for an improper purpose. Because of the inadvertent disclosure of the Confidential Customer Information, state and federal regulations require the Bank to make a prompt and good faith investigation to determine the likelihood that the Confidential Customer Information has been or will be misused. The reason for this investigation is to ascertain if the privacy rights of the Customers are protected.

11. After learning of the inadvertent disclosure of Confidential Customer Information, the Bank immediately attempted to recall the Inadvertent Email, which was sent using Microsoft Outlook. However, the Bank's efforts to recall the email were not successful. The Bank is advised that the recipient of the email must also be using Microsoft Outlook to recall an email. Further, the Bank is advised that, if the Inadvertent Email had already been opened, a recall attempt would be futile.

12. On August 13, 2009, at approximately 1:57 p.m., I sent an email to the Gmail Account, whereby I instructed the recipient to immediately delete the Inadvertent Email and the file attached thereto in its entirety without opening or

reviewing it.  I also requested that the recipient immediately contact the Bank to discuss his/her actions.  As of the date of this Complaint, the Bank has not received a response from the Gmail Account holder.

13. In an effort to determine whether the Gmail Account is a valid, active email address, on or about August 13, 2009, an employee of the Bank attempted to register the email address through Google.com.  The Bank employee was unable to register the address.  Therefore, the Bank concluded that Gmail Account was a valid Google email address.

14. The Bank believes and understands that Google has information regarding the Gmail Account Holder, and regarding the status and activity level of the Gmail Account.  The Bank also believes that Google has the ability to freeze the Gmail Account and to take other steps to prevent access to and dissemination of the inadvertently disclosed Confidential Customer Information.  Accordingly, in further efforts to protect the Confidential Customer Information, both the Bank and the Bank's undersigned counsel contacted Google's legal support via email and informed Google that Confidential Customer Information was sent to one of its "gmail" accounts and inquired as to whether the account was active or dormant and what steps could be taken to ensure that the Confidential Customer Information was not used or disclosed.  However, Google has been unwilling to provide information to the Bank or to assist the Bank in its efforts to prevent disclosure of the Confidential Customer Information.  In particular, Google advised the Bank and undersigned counsel that it would not provide any information regarding the Gmail Account and would not otherwise assist in preventing disclosure of the Confidential Customer Information except and unless it was requested through "a valid third-party subpoena or other appropriate legal process."

15. In connection with the Bank's internal investigation and evaluation of the likelihood that the Confidential Customer Information has been or will be misused, the Bank has determined that it is necessary to: (a) prevent Google or the

1  Google account holder from using the Confidential Customer Information; (b) have
2  the Gmail Account immediately frozen or deactivated to prevent any access to the
3  Confidential Customer Information; (c) permanently delete the Inadvertent Email
4  from Google's system; (d) determine the status of the Gmail Account, specifically,
5  whether the Gmail Account is active or dormant and whether the Inadvertent Email
6  was opened or otherwise manipulated by the account holder; and (e) in the event
7  that the Gmail Account is not dormant, ascertain the identity of the Gmail Account
8  holder, so that the Bank can take appropriate steps with the account holder to ensure
9  that the Confidential Customer Information is not distributed or otherwise misused.

10       16.  In connection with the Bank's internal investigation, on September 1,
11  2009 the Bank notified the Wyoming Division of Banking and the Tenth Federal
12  Reserve District (collectively, the "Regulators") of the Inadvertent Email and the
13  steps the Bank had taken and planned to take to protect its customer information.
14  The Regulators confirmed that the Bank was taking proper steps in connection with
15  the Inadvertent Email and agreed that the Bank must take action to have the Gmail
16  Account frozen and/or determine the status of the Gmail Account.

17       17.  In an effort to compel Google to provide information regarding the
18  Gmail Account and to prevent disclosure, distribution, or use of the Confidential
19  Customer Information, the Bank has instituted an action against Google and has
20  filed a Motion for TRO and preliminary injunction.

21       18.  As stated above, the Bank is taking all appropriate and reasonable
22  steps to determine whether there was an improper disclosure and misuse of
23  Confidential Customer Information.  The Bank's Regulators have determined that
24  the Bank is taking appropriate steps.  However, until there is a determination that
25  the Confidential Customer Information was in fact disclosed and/or misused, the
26  Bank cannot advise its customers on whether there was an improper disclosure.

27       19.  Publication of a possible inadvertent disclosure of Confidential
28  Customer Information prior to making a determination whether there was in fact a

- 4 -
**DECLARATION OF MARK HENDRICKSON IN SUPPORT OF MOTION TO FILE UNDER SEAL**
**CASE NO. _____**

4823-4178-8420.1

disclosure of such information will unnecessarily create panic among all of the Bank's customers and result in a surge of inquiry and concern from the Bank's customers.

I declare under penalty of perjury under the laws of the United States that the foregoing statements are true and accurate to the best of my knowledge.

[SIGNATURE PAGE TO FOLLOW]

- 5 -
**DECLARATION OF MARK HENDRICKSON IN SUPPORT OF MOTION TO FILE UNDER SEAL CASE NO. _____**
4823-4178-8420.1

DATED this ___ day of September, 2009.

_____
Mark Hendrickson, President
Rocky Mountain Bank

**[SIGNATURE PAGE TO DECLARATION OF MARK HENDRICKSON IN SUPPORT OF MOTION TO FILE PLEADINGS UNDER SEAL]**

- 6 -
**DECLARATION OF MARK HENDRICKSON IN SUPPORT OF MOTION TO FILE UNDER SEAL
CASE NO. _____**

4823-4178-8420.1