Troy P. Sauro, Bar No. 224097
TSauro@perkinscoie.com
Albert Gidari (*pro hac vice*)
AGidari@perkinscoie.com
PERKINS COIE LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111-4131
Telephone: 415.344.7000
Facsimile: 415.344.7050

Timothy L. Alger, Bar No. 160303
timalger@google.com
Deputy General Counsel
GOOGLE INC.
1600 Amphitheatre Parkway
Mountain View, CA 94043
Telephone: 650.214.3174
Facsimile: 650.887.1765

Attorneys for Defendant
Google Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROCKY MOUNTAIN BANK, a Wyoming Corporation,<br><br>            Plaintiff,<br><br>     v.<br><br>GOOGLE INC., a Delaware Corporation,<br><br>            Defendant. | Case No. 5:09-CV-04385 JW<br><br>GOOGLE INC.'S RESPONSE TO NON-PARTY MEDIAPOST'S MOTIONS TO INTERVENE AND TO UNSEAL DOCUMENT |

Google Inc. ("Google") respectfully submits this response to non-party MediaPost Communications's Motions to Intervene and to Unseal Document (the "Motions") to make public the report Google lodged with the Court on September 25, 2009 (the "Report"). The Report contains the personal information of a Gmail user and Google's statement of compliance with the Court's Order of September 23, 2009. Any presumption in favor of disclosure should yield in

these circumstances to the privacy interests of the Gmail user – an innocent bystander who just happened to receive an email from Rocky Mountain Bank that included financial information about *other* innocent parties (that bank's customers). Google respectfully requests that the Court deny the Motions.[1]

### BACKGROUND

On August 12, 2009, Plaintiff Rocky Mountain Bank ("Rocky Mountain") inadvertently sent a file allegedly containing the personal information for 1,325 Rocky Mountain customers to the wrong Gmail account (the "Inadvertent Email"). Rocky Mountain Complaint ("Compl.") at ¶¶ 8-11. On September 17, 2009 Rocky Mountain initiated an action against Google seeking declaratory and injunctive relief to prevent use and disclosure of the Inadvertent Email. Rocky Mountain also sought to file the Complaint under seal, and requested a temporary restraining order requiring Google to deactivate the Gmail Account and to provide information as to whether the Inadvertent Email had been accessed or otherwise disclosed. On September 18, 2009, Magistrate Judge Whyte denied Rocky Mountain's sealing motion and directed the bank to publicly file the Complaint, but redact the Inadvertent Email address. *See* Docket Entry No. 11.

On September 23, 2009, the Court entered an order enjoining both Google and the Gmail Account holder from "accessing, using or distributing" the Inadvertent Email and the attached confidential customer information. *See* Docket Entry No. 23. The Order also required Google to: (1) immediately deactivate the Gmail Account and (2) immediately disclose to Rocky Mountain and the Court "whether the Gmail Account was dormant or active, whether the Inadvertent Email was opened or otherwise manipulated, and in the event that the Gmail Account is not dormant, the identity and contact information for the Gmail Account holder." *See id.* The Court also set a date for a preliminary injunction hearing.

In compliance with the Court's Order, and after consulting with the Court's clerk regarding the manner in which the Court wished to receive the information, Google lodged its

---

[1] Google respectfully submits that a hearing on the Motions is not necessary. MediaPost has briefed its arguments, and will have the opportunity to reply to this Opposition. In the interest of judicial economy and the burden on the parties, the Court should rule based on the pleadings submitted.

1  Report with the Court on September 25, 2009 and simultaneously delivered a copy to Rocky
2  Mountain. The Report confirmed Google's compliance with the Court's Order and included the
3  information requested. Upon providing this information to the Court and to Rocky Mountain, the
4  parties stipulated to a dismissal of all claims with prejudice and the Court dismissed the action
5  and closed the case on September 28, 2009.[2]

6  MediaPost now demands that the Court allow it to intervene then have the Court unseal
7  and publicly file the Report on the grounds that it is a "judicial record," which MediaPost
8  hypothesizes contains more than the user's personal information. *See* MediaPost's Motion to
9  Unseal at 5. MediaPost seeks disclosure of the Report to determine "how the Court reached its
10 decision to vacate the TRO and to monitor how private parties are using — or abusing — courts'
11 powers in this new species of case." *Id.* at 5-6.

## ARGUMENT

### The Public Interest In Disclosure of the Report Is Significantly Outweighed By The Privacy Rights of an Innocent Gmail User

There is no doubt that the public has a general right to access judicial records,[3] but "the decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 599 (1978). This right is not absolute, and it can be overridden given sufficiently compelling reasons for doing so. *Foltz v. State Farm Mutual Auto. Ins. Co.,* 331 F.3d 1122, 1135 (9th Cir. 2003) (citation omitted). In the Ninth Circuit, courts weigh both "the public interest in understanding the judicial process," and whether allowing the material into the public domain "could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (internal citations omitted).

---

[2] Google does not dispute that the Court retains the inherent power to permit access to records in a case after it has been resolved or settled. *See, e.g., Philips v. General Motors Corp.,* 307 F.3d 1206 (9th Cir. 2002).

[3] It is not necessary to address MediaPost's argument that the Report is a judicial record because regardless of how the Report is characterized, its disclosure is not warranted.

Protecting the identity and privacy of the Gmail account user, and that user's activities with the account, is a compelling reason not to disclose the Report. There is no reason to believe that the user had any relation with Rocky Mountain, or solicited the bank's email containing sensitive information about many of its customers. There is no reason to believe the Gmail account user even understood the significance of the bank's email or the proceedings in this Court, which the bank waited to initiate until several weeks after sending the Inadvertent Email. Indeed, the Gmail account holder – through no fault of his or her own – lost use of the Gmail Account for nearly a week. The Gmail Account user is truly an innocent bystander whose identity, communications, and activities are of no public interest whatsoever. The remedy Rocky Mount sought – designed to avoid further injury to its clients – has been obtained by Rocky Mountain. The public's interest is limited to *the bank*'s conduct – not in the identity, communications, and activities of the innocent Gmail account holder.

Judge Whyte already reached this same conclusion in his order denying Rocky Mountain's sealing motion. *See* Docket Entry No. 11. He found that Rocky Mountain's attempt "to shield information about an unauthorized disclosure of confidential information" was not a "compelling reason that overrides the public's common law right of access to court filings." *Id.* at 3. However, Judge Whyte did find compelling reason to require Rocky Mountain to "redact the specific Gmail account name from copies of its complaint and motion papers that it files in the public record." *Id.* at 4.

Both Judge Whyte and this Court already employed the proper balancing: hiding the plaintiff's own behavior was not a compelling reason to override the public's right of access, but protecting the personal information of a Gmail user who is completely uninvolved in this matter other than having the misfortune of being the recipient of a misdirected email. This was a compelling reason for the Court to seal information about the user, *sua sponte*.

MediaPost incorrectly speculates that the Report contains information beyond the Gmail Account user's identity and use of the Gmail Account. In any event, the public already has access to Rocky Mountain's complaint (*see* Docket Entry No. 18), the Court's Order showing what Google was required to do (*see* Docket Entry No. 23), and Google's compliance with the Order

(*see* Docket Entry No. 28).  There is no mystery about either the Court's or Google's actions. The disclosure of the contents of the Report would do nothing to serve the public interest in "understanding the judicial process," but would instead simply serve to expose an unwitting Gmail Account user to public disclosure of his or her identity and email activities.

Further, the public's interest in a right of access does not extend to "sealed discovery document[s] attached to . . . non-dispositive motion[s]." *In re National Security Agency Telecommunications Records Litigation,* 2007 WL 549854 *4 (N.D. Cal. 2007) (citing *Kamakana v. City & County of Honolulu,* 447 F3d 1172, 1179 (9th Cir. 2006)).  The Report was in the nature of compelled discovery as part of a non-dispositive motion, and MediaPost would have to show a "compelling reason" for its disclosure, which it has failed to do.  *Id.*

## CONCLUSION

MediaPost's Motions should be denied.  The privacy interests of the Gmail Account user far outweigh a public interest, if any, in disclosure of the Report.

DATED:  October 21, 2009

**PERKINS COIE LLP**

By:  /s/ Troy P. Sauro

Troy P. Sauro (Bar No. 224097)
Albert M. Gidari (*pro hac vice*)

By:  /s/ Timothy L. Alger

Timothy L. Alger (Bar No. 160303)
Google Inc., Deputy General Counsel

Attorneys for Defendant
Google Inc.