ERICA L. CRAVEN-GREEN (Bar No. 199918)
Email: ecravengreen@gmail.com
Law Offices of Erica L. Craven-Green
P.O. Box 460367
San Francisco, California 94146-0367
Telephone: (415) 572-9028

PAUL ALAN LEVY
Email: plevy@citizen.org
DEEPAK GUPTA
Email: dgupta@citizen.org
Public Citizen Litigation Group
1600 20th Street, NW
Washington, DC 20009
Telephone: (202) 588-1000
Facsimile: (202) 588-7795

Attorneys for MediaPost Communications

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ROCKY MOUNTAIN BANK, a Wyoming Corporation,<br><br>Plaintiff,<br>v.<br><br>GOOGLE INC., a Delaware corporation,<br><br>Defendant. | Case No. 5:09-CV-04385 JW<br><br>REPLY IN SUPPORT OF MOTIONS TO <u>INTERVENE AND TO UNSEAL</u><br>F. R. Civ. P. 5; common law; First Amendment<br><br>Date: December 7, 2009<br>Time: 9 AM<br>Courtroom: Courtroom 8, 4th Floor<br>Judge Ware |

In its opening briefs on the two pending motions, MediaPost Communications showed (1) that Ninth Circuit law entitles MediaPost to intervene to present its motion to unseal the document that Google filed in chambers, (2) that the document detailing how Google complied with this Court's TRO is a judicial record, and (3) that the parties cannot overcome the strong presumption favoring disclosure so long as the identifying information in the document is redacted — and such redaction was the predicate of MediaPost's motion.

Although Google has opposed both motions, it does not cite any basis for denying the motion for leave to intervene and does not really argue that the document is not a judicial record. Instead, Google argues that the Doe's interest in privacy provides sufficiently "compelling reasons" to

overcome the "strong presumption" in favor of disclosure,[1] but never explains why the privacy of the Doe remains a concern even if any identifying information is redacted as both sides agree it should be. Both motions should be granted.

**1. Intervention.** Although Google asks the Court to deny the motion for leave to intervene, presumably in the hope of denying MediaPost standing to appeal a denial of the motion to unseal, denial of the motion for leave to intervene would be reversible error. *San Jose Mercury News v. United States District Court*, 187 F.3d 1096, 1102 (9th Cir. 1999).[2]

**2. Unsealing.** Google argues against disclosure on two grounds — first, that the only public interest in disclosure here is in learning about Rocky Mountain Bank's reasons for filing this action and about the way in which it pursued that case, and second that the Doe's interest in privacy forbids disclosure not only of her identity, but also details her "use of the Gmail account" that, Google hints, may also be disclosed in the document filed with the Court. These arguments are erroneous.

First, it is not true that the only party whose actions in this case warrant public scrutiny is Rocky Mountain Bank. Although, as MediaPost argued in its opening brief, the Bank merits criticism for the rush to judgment that it imposed on the Court by a last-minute filing of TRO papers without giving any notice, and despite the lack of a valid claim or of subject matter jurisdiction in fedeeral court, there is also a significant degree of public interest in Google's conduct. Specifically, there is significant public interest in the ease with which Google complied with the TRO — as opposed to seeking reconsideration and providing the Court with readily prepared briefing showing that Rocky Mountain's complaint lacked subject matter jurisdiction and failed to state a claim — and in the amount of disclosure that Google made. The extent of Google's commitment to its customers' privacy, and actions taken by Google that possibly yield private information instead of resisting such disclosure, could well influence decisions about whether to become a Google customer. The very extent of the redactions will reveal useful information.

---

[1] *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-1179 (9th Cir. 2006).

[2] If the motion to unseal is denied, MediaPost should be allowed to appeal that denial, and it should be granted leave to intervene so that it can file a notice of appeal.

-2-

Second, Google broadly hints that the document submitted in chambers to show Google's compliance with the TRO reveals the Doe's "use of the Gmail account." It is not clear exactly what this means. After the filing of Google's document, the Bank told the press that it had learned from Google that the Gmail account holder had never even opened the misdirected email or its attachments, but that the email had been discarded, impliedly because of a spam filter. http://www.localnews8.com/global/story.asp?s=11213884. The same disclosure was made to MediaPost reporter Wendy Davis, http://www.mediapost.com/publications/?fa=Articles.showArticle&art_aid=114513&passFuseAction=PublicationsSearch.showSearchResults. If that disclosure was made in the document submitted to the Court, then it is respectfully suggested that what the document reveals is not the Doe's "use" of the Gmail account but rather an example of non-use.

But there is a significant public interest in knowing exactly what was disclosed, because, if the fact that the misdirected email was never opened before it was deleted is what the document reveals, then the public may well criticize Rocky Mountain Bank for forcing the identification of an Internet user when there was really no reason to do so (because learning about the discarding of the email and attachment would have fully satisfied the Bank's claimed legitimate need). In that way, the disclosure here may well serve the public interest in scrutinizing the Bank's activities. By the same token, that information might lead Google's customers and potential customers to make judgments about Google's conduct in the case.

Fundamentally, revealing what Google submitted to comply with the TRO will reveal significant information about the use or abuse of court processes and help shape future courts' responses to these new species of case, which as shown in MediaPost's opening brief, are properly brought in state courts against Doe defendants. For example, if Google's filing shows that the misdirected email was never opened before it was captured by a spam filter and/or deleted, then the public may well wonder whether there was any need for the Court to order Google to identify the Doe without even giving Google or the Doe a chance to respond to the TRO motion. In that way, the

1  disclosure will help the public understand and assess the judicial process, and help other courts issue
2  appropriately narrow orders in future cases.

3   Third, once all identifying information about the Doe has been redacted, revealing whatever
4  "use of the Gmail account" may be implicated will not invade the Doe's privacy. Indeed, in the
5  Freedom of Information Act context, courts frequently hold that a defense under Exemption 6, which
6  forbids clearly unwarranted invasions of personal privacy, can be overcome by the redaction of
7  personally identifiable information and disclosing the rest of the document. *Department of State v.*
8  *Ray*, 502 U.S. 164, 176 (1991) ("disclosure of . . . personal information constitutes only a *de minimis*
9  invasion of privacy when the identities . . . are unknown"); *Department of Air Force v. Rose*, 425 U.S.
10 352, 378 (1976). Privacy is sufficiently protected by the redaction of identifying information even
11 if the information would otherwise be embarrassing; in *Rose*, for example, the Government was
12 compelled to disclose summaries of disciplinary cases that would have been very embarrassing to the
13 Air Force cadets involved had their personal identifying information not been redacted.

14   Finally, although MediaPost believes that the redaction of the actual identifying information
15 sufficiently protects the privacy interest implicated here, the Doe should be given an opportunity to
16 address that matter before a final disposition of this motion. Counsel for MediaPost has repeatedly
17 asked counsel both for Rocky Mountain Bank and for Google whether the Doe has been given notice
18 of this motion, and neither attorney has responded to this inquiry. The Court is urged to satisfy itself
19 that the Doe has received notice of this motion affording the Doe fourteen days to provide a response.
20 The Court could accomplish this notice either by sending an email to the gmail address that appears
21 in the unredacted copies of Rocky Mountain Bank's motion papers or by directing Google to do so
22 using not only the Gmail address but also any alternate address that the Doe provided in creating her
23 Gmail account. [3]

---

[3] As courts sometimes do when parties sue to identify anonymous Internet speakers, *Elektra Entertainment Group v. Doe*, No. 04-1421 (E.D. Pa. Jan. 21, 2005), Docket No. 17; *Dendrite Int'l v. Doe No. 3*, 342 N.J. Super. 134, 775 A.2d 756 (2001), the Court could provide, or direct Google to provide, information about the Bar Referral Service, as well as of public interest groups that have previously indicated a willingness to provide pro bono services to

-4-

Finally, Google asks that these motions be heard on the papers instead of by an in-person oral argument. MediaPost Communications is willing to have the motions heard that way, unless the Court has questions that it would like MediaPost's counsel to address. MediaPost respectfully submits, in any event, that the hearing date set for this motion be deferred at least two weeks to permit the Doe to be notified and to appear through counsel if she desires to do so.

## CONCLUSION

The motion for leave to intervene and the motion to unseal should be granted.

Respectfully submitted,

  /s/ Erica L. Craven-Green
Erica L. Craven-Green (Bar No. 199918)

Email: ecravengreen@gmail.com
Law Offices of Erica L. Craven-Green
P.O. Box 460367
San Francisco, California 94146-0367
Telephone: (415) 572-9028

  /s/ Paul Alan Levy
Paul Alan Levy (DC Bar No. 946400)
Deepak Gupta (DC Bar No. 495451)

Public Citizen Litigation Group
Email: plevy@citizen.org
1600 - 20th Street, N.W.
Washington, D.C. 20009
Telephone: (202) 588-1000
Facsimile: (202) 588-7795

November 20, 2009                    Attorneys for MediaPost Communications

---

Does seeking to avoid disclosure. Two such organizations are located in the Northern District of California — the Electronic Frontier Foundation and the American Civil Liberties Union of Northern California.

-1-