IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Rocky Mountain Bank, | NO. C 09-04385 JW |
| Plaintiff, | **ORDER DENYING MEDIAPOST COMMUNICATIONS' MOTION TO INTERVENE AND MOTION TO UNSEAL** |
| v. | |
| Google, Inc., | |
| Defendant. | |

Presently before the Court is MediaPost Communications' Motion for Leave to Intervene[1] and Motion to Unseal.[2] MediaPost moves to intervene in this action for the limited purpose of seeking public disclosure of Defendant's Report, provided to Plaintiff and lodged with the Court under seal in compliance of the Court's Order Granting Temporary Restraining Order.[3] MediaPost further moves to unseal Defendant's Report.[4]

On September 17, 2009, Plaintiff filed a Complaint for Declaratory and Injunctive Relief.[5] On September 18, 2009, Plaintiff filed a Motion to File Pleading Under Seal,[6] which was denied, but

---

[1] (hereafter, "Motion to Intervene," Docket Item No. 40.)

[2] (Docket Item No. 42.)

[3] (hereafter, "TRO Order," Docket Item No. 23.)

[4] Defendant's Report was never filed under seal in this action. Rather, it was lodged with the Court and provided to Plaintiff. The Court, however, construes MediaPost's Motion to Unseal as a Motion to compel Defendant to file its report in the Court's public docket.

[5] (hereafter, "Complaint," Docket Item No. 1.)

[6] (Docket Item No. 5.)

the Court allowed Plaintiff to "redact the specific Gmail account name from copies of its complaint and motion papers that it files in the public record."[7]

On September 21, 2009, Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction.[8] On September 23, 2009, the Court granted Plaintiff's Motion and issued a TRO as follows: (1) enjoining both parties from temporarily "accessing, using or distributing" the confidential information at issue; (2) ordering Defendant to immediately deactivate the Gmail account; and (3) ordering Defendant to immediately disclose to Plaintiff and the Court the status of the Gmail account, specifically, whether the Gmail Account is dormant or active, whether the Inadvertent Email was opened or otherwise manipulated, and in the event that the Gmail Account is not dormant, the identity and contact information for the Gmail account holder.[9] Following the Court's TRO Order, Defendant immediately served Plaintiff with the Report and lodged a copy with the Court.

On September 28, 2009, the parties filed a Stipulation for Dismissal with Prejudice, agreeing to dismiss all claims against Defendant and to vacate the TRO against Defendant.[10] The Court issued an Order accordingly and dismissed the case.[11] MediaPost now seeks to intervene in the action and to have Defendant's Report filed for public access.

Rule 24(b)(2) of the Federal Rules of Civil Procedure permits, under certain circumstances, the intervention of a non-party in ongoing litigation. "A court may grant [permissive] intervention under [Rule] 24(b) where: (1) the [applicant] shows independent ground for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense and the main action have a question of law or fact in common." Greene v. United States, 996 F.2d 973, 978 (9th Cir. 1993). A non-party

---

[7] (Order Denying Plaintiff's Motion to File Pleadings Under Seal, Docket Item No. 11.)

[8] (Docket Item No. 15.)

[9] (TRO Order at 2.)

[10] (hereafter, "Stipulation," Docket Item No. 33.)

[11] (Stipulation and Order Granting Dismissal with Prejudice, Docket Item No. 38.)

United States District Court
For the Northern District of California

seeking to intervene bears the burden to demonstrate that it meets the requirements of Rule 24(b) for intervention. Petrol Stops Northwest v. Continental Oil Co., 647 F.2d 1005, 1010 (9th Cir. 1981). The determination of timeliness is analyzed more stringently where permissive intervention is sought rather than where the intervention is as of right. See League of United Latin American Citizens v. Wilson, 131 F.3d 1297, 1308 (9th Cir. 1997). The court may grant an applicant permissive intervention for a limited purpose, for example, to gain access to discovery materials under seal. See San Jose Mercury News, Inc. v. United States Dist. Court-Northern Dist. (San Jose), 187 F.3d 1096, 1100 (9th Cir. 1999).

Here, MediaPost moves to intervene after the case has been dismissed through a stipulation of the parties. In addition, part of the parties' stipulated dismissal is an agreement to vacate the TRO Order, which the Court approved. Thus, there is no controversy in which MediaPost could intervene. See Mutual Produce, Inc. v. Penn Cent. Transp. Co., 119 F.R.D. 619, 621 (D. Mass. 1988).

Accordingly, the Court DENIES MediaPost's Motion to Intervene as untimely and DENIES its Motion to compel Defendant to file its Report because it is moot.

Dated: December 4, 2009

JAMES WARE
United States District Judge

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Albert Gidari Agidari@perkinscoie.com
Erica L. Craven-Green ecravengreen@gmail.com
Grace Yazgulian Horoupian grace.horoupian@kutakrock.com
Troy Philip Sauro tsauro@perkinscoie.com

**Dated: December 4, 2009**                     **Richard W. Wieking, Clerk**

**By:    /s/ JW Chambers
          Elizabeth Garcia
          Courtroom Deputy**