IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Rocky Mountain Bank,<br><br>        Plaintiff,<br>   v.<br><br>Google, Inc.,<br><br>        Defendant. | NO. C 09-04385 JW<br><br>**ORDER GRANTING MEDIAPOST COMMUNICATIONS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |

Presently before the Court is MediaPost Communications' ("MediaPost") Motion for Leave to File a Motion for Reconsideration. (hereafter, "Motion," Docket Item No. 47.)

Civil Local Rule 7-9(a) provides as follows:

> Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in the case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order made by that Judge on any ground set forth in Civil L.R. 7-9(b). No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion.

In doing so, the moving party must specifically show the following:

> (1) At the time of the filing the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b). A motion for leave to file a motion for reconsideration may not repeat any oral or written argument previously made with respect to the interlocutory order that the party now seeks to

have reconsidered. Civ. L.R. 7-9(c). "A party who violates this restriction shall be subject to appropriate sanctions." Id.

Here, MediaPost seeks leave to file a motion for reconsideration on the ground that there is a material difference in law from which the Court relied upon in its December 4 Order. Upon review of the Motion, the Court finds the cases cited by MediaPost are not material to the extent that they pertain to interveners seeking to unseal documents. In this case, the document at issue—Defendant's Report—was lodged with the Court, not filed under seal, pursuant to a temporary restraining order that was later vacated. (See Docket Item No. 39.) Nevertheless, the Court GRANTS MediaPost's Motion to reexamine its request to intervene and have Defendant "file" its Report.

However, any Motion for Reconsideration shall address whether a third party may intervene in a closed action to require public disclosure of a document lodged with the Court, and not filed, pursuant to an order that was vacated prior to the motion for intervention. In light of the anticipated motion for reconsideration, the Court declines to reach MediaPost's request that the Court require Defendant to file the Report under seal at this time.

Accordingly, the Court GRANTS MediaPost's Motion. The Court will conduct a hearing on the anticipated motion for reconsideration on **February 1, 2010 at 9 a.m.** MediaPost shall file its Motion in accordance with the Civil Local Rules of the Court.

Dated: December 16, 2009

JAMES WARE
United States District Judge

2

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Albert Gidari Agidari@perkinscoie.com
Erica L. Craven-Green ecravengreen@gmail.com
Grace Yazgulian Horoupian grace.horoupian@kutakrock.com
Troy Philip Sauro tsauro@perkinscoie.com

**Dated:  December 16, 2009**            **Richard W. Wieking, Clerk**

                        **By:   /s/ JW Chambers**
                              **Elizabeth Garcia**
                              **Courtroom Deputy**