1 | ERICA L. CRAVEN-GREEN (Bar No. 199918)
Email: ecravengreen@gmail.com
2 | Law Offices of Erica L. Craven-Green
P.O. Box 460367
3 | San Francisco, California 94146-0367
Telephone: (415) 572-9028
4 |
PAUL ALAN LEVY
5 | Email: plevy@citizen.org
Public Citizen Litigation Group
6 | 1600 20th Street NW
Washington, DC  20009
7 | Telephone: (202) 588-1000
Facsimile: (202) 588-7795
8 |
Attorneys for MediaPost Communications
9 |
                UNITED STATES DISTRICT COURT
10 |        FOR THE NORTHERN DISTRICT OF CALIFORNIA
                      SAN JOSE DIVISION
11 |
ROCKY MOUNTAIN BANK,                    )   Case No. 5:09-CV-04385 JW
12 |        a Wyoming Corporation,       )
                                         )   REVISED MEMORANDUM
13 |              Plaintiff,             )   SUPPORTING MOTION
                                         )   FOR RECONSIDERATION
14 |           v.                        )   F. R. Civ. P. 24, 59
                                         )
15 | GOOGLE INC., a Delaware corporation, )
                                         )   Date: February 1, 2010
16 |           Defendant.                )   Time:  9 AM
                                         )   Courtroom: Courtroom 8, 4th floor
17 |                                         Judge Ware
18 |                         **INTRODUCTION**

19 |        Pursuant to Rules 24 and 59 of the Federal Rules of Civil Procedure, the First Amendment,

20 | the common law, and the Court's Order of December 16, 2009, MediaPost Communications renews

21 | its motion for reconsideration of this Court's denial of MediaPost's motion for leave to intervene and

22 | motion to unseal the Report that Google lodged with the Court in chambers explaining its compliance

23 | with the Temporary Restraining Order ("TRO") issued in this case on September 23, 2009.  As

24 | explained below, clear Ninth Circuit law allows intervention to seek unsealing even after the

25 | underlying case is over.  Although no cases have been identified that precisely match the facts of this

26 | case, where a document explaining the manner of compliance with a TRO was submitted in chambers

27 | pursuant to direction from the Court and the case was thereafter dismissed pursuant to the parties'

28 |

1  stipulation and the TRO dissolved because of the parties' compliance shortly before a third party asked

2  to intervene to unseal the document, the particular facts do not undercut MediaPost's right to

3  intervene. Consequently, the Court should permit MediaPost to intervene, and then grant the motion

4  for leave to unseal.

5        To hold otherwise would fundamentally undercut the public's right of access, the purpose of

6  which is to allow the public to monitor what is done in their courts. As the Ninth Circuit recognized,

7  "[t]he right of access to court documents belongs to the public, and [litigants are] in no position to

8  bargain that right away." *San Jose Mercury News v. United States District Court*, 187 F.3d 1096,

9  1101 (9th Cir. 1999). Allowing parties to cloak their court-sanctioned actions in secrecy - simply by

10  submitting documents showing compliance with court orders in chambers and then agreeing to a

11  stipulated dismissal -- is antithetical to the public's right of access. As another California district court

12  noted, "[t]he presumption of access exists because the citizens are entitled to observe, monitor,

13  understand and critique their courts — even in the most mundane of cases that excite no media interest

14  — because what transpires within our courtrooms belongs to our citizens in a fundamental way."

15  *California ex rel. Lockyer v. Safeway, Inc.*, 355 F. Supp. 2d 1111, 1124 (C.D. Cal. 2005).

16  Consequently, the Court should permit MediaPost to intervene, and then grant the motion requiring

17  the Report of Google's compliance with this Court's TRO to be filed and unsealed (except for

18  information identifying Jane Doe).

19  **ARGUMENT**

20        In response to MediaPost's motions for leave to intervene and to unseal Google's Report on

21  its compliance with the Court's Temporary Restraining Order, the Court denied the motion for leave

22  to intervene on the ground that, once the parties dismissed the action, there was no longer any action

23  into which MediaPost could intervene; the Court then denied the motion to unseal as moot.

24        1. Denial of the motion to intervene was error. It is settled Ninth Circuit law that a third party,

25  and particularly a media company, is entitled to intervene to seek the unsealing of court records. *San*

26  *Jose Mercury News v. United States District Court*, 187 F.3d 1096 (9th Cir. 1999). The law is

27  sufficiently clear that denial of leave to intervene is not simply appealable — as in *San Jose Mercury*

28  -2-

1   itself, mandamus lies to order the Court to allow intervention.  Nor does the right to intervene to seek

2   unsealing expire with the litigation in which the documents were filed.  In *Beckman Industries v.*

3   *International Ins. Co.*, 966 F.2d 470, 472-473 (9th Cir. 1992), the Ninth Circuit allowed a third party

4   to intervene to seek unsealing two years after the parties had settled the case.  Other circuits similarly

5   allow intervention for unsealing after the underlying case is over.  *Jessup v. Luther*, 227 F.3d 993,

6   998-999 (7th Cir. 2000); *Public Citizen v. Liggett Group*, 858 F.2d 775, 783-84 (1st Cir. 1988)

7   (intervention sought months after case was dismissed).  Several Ninth Circuit unsealing cases arose

8   out of motions for leave to intervene and to unseal that were filed after the underlying case had either

9   been settled or dismissed.  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003);

10  *Phillips v. General Motors Corp.*, 289 F.3d 1117 (9th Cir. 2002).

11          In the one case that the Court cited in support of its ruling, *Mutual Produce v. Penn Cent.*

12  *Transp. Co.*, 119 F.R.D. 619, 621 (D. Mass.1988), the would-be intervenors had an interest in the

13  claims that the plaintiffs voluntarily dismissed, and the trial court held that the movants could not

14  revive the claims by intervening.  The case had nothing to do with the right to intervene to seek

15  unsealing.  Moreover, because the District of Massachusetts is within the First Circuit, the First

16  Circuit's ruling in *Public Citizen*, 858 F.2d at 783-784, which was issued several months after *Mutual*

17  *Produce*, is controlling authority within that Circuit on the right to intervene to seek unsealing after

18  the underlying case has been dismissed.

19          2. The Court's December 16 order directed MediaPost to address the question "whether a third

20  party may intervene in a closed action to require public disclosure of a document lodged with the

21  Court, and not filed, pursuant to an order that was vacated prior to the motion for intervention."  In

22  each of the appellate cases cited on pages 2-3 above, the motion for leave to intervene was filed after

23  the case was closed.   Accordingly, the fact that this case was closed before MediaPost sought to

24  intervene is irrelevant to its right to intervene.  Similarly, the fact that the TRO requiring Google to

25  submit its compliance Report to the Court was vacated pursuant the parties' later stipulation should

26  have no bearing on whether a third party media company like MediaPost should be allowed to

27  intervene for the purpose of seeking unsealing.  The propriety of intervening is an entirely separate

28                                                  -3-

1    question from the propriety of unsealing, and the motion for leave to intervene should not be judged

2    according to whether the underlying motion to unseal is sound.

3         MediaPost recognizes that implicit in the question posed by the Court could be the assumption

4    that, by submitting its Compliance Report to the Court, Google was not filing it; hence that the

5    document is not a judicial record; and hence that the motion to unseal should be denied.  If the Court

6    so concludes, that would not be a basis for denying the motion for leave to intervene, but only for

7    denying the motion to unseal.  Indeed, even if the document had never been filed, that would not bar

8    the motion for leave to intervene; in *Beckman Industries*, for example, the Ninth Circuit allowed

9    intervention to obtain access to discovery documents rather than judicial records.  966 F.2d at 471.

10        3.   However, MediaPost disputes any contention that Google's report to the Court is not a

11   judicial record because it was "lodged, not filed."  First, as explained in MediaPost's original motion

12   to unseal, under Rule 5 of the Federal Rules of Civil Procedure, submission to a district judge or to

13   his chambers constitutes filing, and the district judge is thereafter required to "promptly send it to the

14   clerk" for filing on the docket.  Rule 5(d)(2)(B).  The Advisory Committee has described the judge's

15   acceptance of the paper and transmission to the court clerk as "ministerial acts," 2007 Advisory

16   Committee Notes, and the Second Circuit has held that a district judge does not have discretion to

17   withhold documents from filing by having them submitted in chambers instead of to the clerk's office.

18   *International Business Machines v. Edelstein*, 526 F2d 37, 46 (2d Cir. 1975).  Otherwise, the Second

19   Circuit recognized, a district judge could protect his management of the litigation from appellate

20   scrutiny by keeping dispositive information and argument out of the judicial record.  Consequently,

21   the district judge was required to "send [the papers] to the Clerk' office, as contemplated by [the]

22   Rule."  The Court is, therefore, urged to recognize that the Google Report has been filed and to "send

23   it to the Clerk."

24        If, on the other hand, the Court holds that Google's Report to the Court was not filed, then

25   Google's failure to file the Report was a violation of Rule 5(d)(1), under which "[a]ny paper after the

26   complaint that is required to be served . . . must be filed within a reasonable time after service."  The

27   TRO required Google to serve its Report on the plaintiff, and hence it was Google's obligation to file

28                                                    -4-

1   it.  The remedy for a failure to file is an order that compels filing.  Wright & Miller, *Fed. Practice and*

2   *Procedure: Civil* § 1152, at 468 (3d ed. 2002); *Betty K Agencies v. M/V Monada*, 432 F.3d 1333, 1340

3   (11th Cir. 2005); *Biocore Med. Technol. v. Khosrowshahi*, 181 F.R.D. 660, 668 (D. Kan. 1998).

4   Although Rule 5(d)(1)'s filing requirement contains an exception for discovery materials, and

5   although Google argued in opposition to the motion to unseal that its Report to the Court was in the

6   nature of a discovery response, even the discovery exception does not apply once the response is "used

7   in the proceeding."  In this case, the parties relied on the contents of the Report as justifying their Joint

8   Motion to Vacate the TRO. Docket Entry No. 28, at 2.  Accordingly, Google was required to file the

9   Report and to the extent that the Court decides that Google has not filed the Report, Google should

10  be ordered to do so now.

11        In any event, MediaPost does not agree that Google's Report to the Court was in the nature of

12  a discovery response attached to a non-dispositive motion.  Plaintiff Rocky Mountain Bank never

13  initiated discovery, and Google submitted the Report not to provide information to the plaintiff but

14  to demonstrate **to the Court** that it was in compliance with the TRO as well as to justify the lifting

15  of the TRO.

16        Had the Court simply ordered Google to provide this information to Rocky Mountain, and

17  Rocky Mountain then reacted to the information by dismissing its action (which is what sometimes

18  happens when a plaintiff files suit against an anonymous defendant, and then initiates early discovery

19  to identify the defendant), the information provided to Rocky Mountain would be in the nature of

20  discovery.  But that is not what the Court ordered.  Indeed, the Court did not order Google to "lodge"

21  the document in chambers.  Instead, the Court ordered Google to submit the information to "the

22  Court" so that **the Court** could determine the next steps in the case.  And, in fact, the parties then cited

23  the contents of that Report as the basis for their joint motion to vacate the TRO, which appears,

24  despite its ephemeral label, to have been the only purpose of the case.  This joint motion was,

25  therefore, a dispositive motion that relied on the facts reported in the Google Report to the Court that

26  was demanded by the TRO.  The public as well as the Court is entitled to learn why the contents of

27  the Report justified the lifting of the TRO.

28                                             -5-

1    However, if MediaPost's motion to intervene could be denied simply because the TRO was

2  obeyed and, pursuant to the parties' stipulation, the TRO was vacated and the action dismissed mere

3  days before MediaPost moved to intervene, the right of members of the public to monitor the actions

4  of this Court and the actions of the parties who asked this Court to exercise its significant powers

5  would be fundamentally weakened.  The public's right of access would be hostage not only to the

6  "bargaining" of the parties (*cf. San Jose Mercury News*, 187 F.3d at 1101), but also a forced "rush"

7  to the courthouse in an attempt to intervene before dismissal of a lawsuit or order.

8    Similarly, denying MediaPost's motion to intervene simply because the document this Court

9  required Google to submit showing its compliance with the TRO was submitted by Google "in

10  chambers," not only undercuts the import and purpose of Civil Local Rule 79.5 (governing the filing

11  of documents under seal), but allows litigants to seek a measure of private justice that is antithetical

12  to our court system.

13                                     **CONCLUSION**

14    The motion to reconsider should be granted.  MediaPost should be allowed to intervene to seek

15  the filing on the docket and unsealing of the Google Report, and that document should be unsealed

16  after redaction of the Doe's personally identifying information.

17
                                         /s/ Erica L. Craven-Green
18                                     Erica L. Craven-Green (Bar No. 199918)

19                                     Email: ecravengreen@gmail.com
                                       Law Offices of Erica L. Craven-Green
20                                     P.O. Box 460367
                                       San Francisco, California 94146-0367
21                                     Telephone: (415) 572-9028

22                                        /s/ Paul Alan Levy
                                       Paul Alan Levy (DC Bar No. 946400)
23
                                       Public Citizen Litigation Group
24                                     Email: plevy@citizen.org
                                       1600 - 20th Street, N.W.
25                                     Washington, D.C. 20009
                                       Telephone: (202) 588-1000
26                                     Facsimile: (202) 588-7795

27  December 27, 2009                  Attorneys for MediaPost Communications

28                                         -6-