IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Rocky Mountain Bank,<br><br>        Plaintiff,<br>   v.<br><br>Google, Inc.,<br><br>        Defendant. | NO. C 09-04385 JW<br><br>**ORDER GRANTING MEDIAPOST'S MOTION FOR RECONSIDERATION; GRANTING MEDIAPOST LIMITED INTERVENTION; DENYING MEDIAPOST'S MOTION TO UNSEAL** |

Presently before the Court is MediaPost Communications' ("MediaPost") Revised Memorandum Supporting Motion for Reconsideration. (hereafter, "Motion," Docket Item No. 49.) Defendant Google timely filed an Opposition.[1] MediaPost and Google stipulated to submitting on the papers and foregoing oral argument.[2]

**A.  Discussion**

    **1.  Motion to for Reconsideration**

A summary of the procedural history of this case can be found in the Court's December 4, 2009 Order Denying MediaPost Communications' Motion to Intervene and Motion to Unseal. (hereafter, "Dec. 4 Order," Docket Item No. 46.) At issue is whether the Court should reconsider its prior Order denying MediaPost's Motion to Intervene and Motion to Unseal.

---

[1] (Google, Inc.'s Opposition to Non-Party MediaPost's Motion for Reconsideration, hereafter, "Opposition," Docket Item No. 51.)

[2] (Reply Memorandum and Request for Submission of Motion for Reconsideration, Docket Item No. 52.)

A motion for reconsideration is appropriate where the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there was an intervening change in controlling law. See School District No. 1J, Multnomah County v. Acands, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances." See 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999). A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. See id.; Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000).

In its December 4 Order, the Court acknowledged that it may grant an applicant permissive intervention for a limited purpose, for example, to gain access to discovery materials. (Dec. 4 Order at 3 (citing San Jose Mercury News, Inc. v. United States Dist. Court-Northern Dist. (San Jose), 187 F.3d 1096, 1100 (9th Cir. 1999).) However, the Court ultimately held that where a third-party moves to intervene after a case has been dismissed through a stipulation of the parties, there is no longer any controversy in which to intervene. (Id. (citing Mutual Produce, Inc. v. Penn Cent. Transp. Co., 119 F.R.D. 619, 621 (D. Mass. 1988).)[3]

In its Revised Memorandum Supporting Motion for Reconsideration, MediaPost contends that the Court's denial of the Motion to Intervene was in error. (Motion at 2.) MediaPost relies on several decisions of the Ninth Circuit that have affirmed district court decisions that allowed parties to intervene under circumstances similar to this case. See, e.g., Folz v. State Farm Mutual Automobile Co., 331 F.3d 1122 (9th Cir. 2003); Phillips v. General Motors Corp., 289 F.3d 1117 (9th Cir. 2002); Beckman Indus. v. Int'l Ins. Co., 966 F.2d 470, 472-73 (9th Cir. 1992). Accordingly, the Motion for reconsideration is GRANTED.

---

[3] Although the Court relied on Mutual Produce, Inc. v. Penn Cent. Transp. Co. for the proposition that a third party cannot intervene into a case that has been dismissed, the Court recognizes that the First Circuit has allowed a third party to intervene in a closed case to seek modification of a protective order. Public Citizen v. Liggett Group, 858 F.2d 775, 783-85 (1st Cir. 1988).

### 2. Motion to Intervene

Upon reconsideration, the Court finds that it MediaPost's Motion raises an important legal issue regarding the distinction the Court makes between papers that are "filed" as a part of the record in the case and papers that are "lodged" with the Court for *in camera* inspection and that are not afterward "filed" in the case. The Motion also raises an important issue about the power of the Court to accept documents as "lodged." Accordingly, the Court GRANTS MediaPost's Motion for Leave to Intervene for the limited purpose of considering on the merits MediaPost's motion that a document lodged with the Court in this case must be made available for public disclosure as a matter of law.

### 3. Motion to Unseal Document Lodged with the Court

It follows from this remedial purpose that once a motion for reconsideration is granted, the standard of review upon reconsideration is the standard applicable in the underlying motion. See Erdman v. Nationwide Ins. Co., 2007 WL 2428697 *2 (M.D. Pa. 2007).

The underlying case involved an alleged inadvertent transmission of sensitive financial information by a bank employee to the email mailbox of an uninvolved third party. In an effort to protect the privacy rights of the email recipient and of the owners of the bank accounts, the Court ordered Google to "lodge" with the Court a report of the status of the email account. Google complied with the Court's Order. However, before the Court was called upon to take any further action with respect to the case, the parties reached an out-of-court settlement and dismissed the case.

In its Motion to Intervene, MediaPost contends that the Court did not have the power to order that the document be lodged with the Court and to the extent it made such an order, the Court was required to filed the lodged document, even if the parties settled the case. MediaPost contends that the Report constitutes a judicial record filed with the Court that is subject to its Motion to Unseal. (Motion at 4-5.)

3

### 4. The Rules of the Court recognize the power of the Court to order a document "lodged" with the Court

Civil L.R. 1-5(m) states that a "document may be 'lodged' with the Clerk's office," which means that "[t]he Clerk will stamp the document 'Received' and promptly deliver it to the Chambers of the Judge for whom the document is intended." In contrast, Civil L.R. 1-5(e) defines "file" as "delivery to and acceptance by the Clerk of a document which is approved for filing and which will be included in the official files of the Court and noted in the docket of the case." The Civil Local Rules provide a mechanism by which a document that is lodged may become filed: "A party who subsequently seeks to have a lodged document 'filed' within the meaning of Civil L.R. 1-5(e) may move for an order directing that the document be included in the official files of the Court and in the docket of the case." Civ. L.R. 1-5(m). Thus, the Civil Local Rules of this Court explicitly create a distinction between lodging a document and filing a document.

The Ninth Circuit has recognized the same distinction. In <u>Mitchell v. County of Orange</u>, the Ninth Circuit noted that the Civil Local Rules of the Central District of California also distinguish between lodging a document and filing a document, and remanded a summary judgment order to the district court to determine whether certain submissions had been lodged or filed. 65 Fed. App'x 164, 165 (9th Cir. 2003) ("only documents that were filed constitute the record on review").

Here, Defendant lodged with the Court the Report that MediaPost seeks to "unseal"[4] in compliance with the Court's September 21, 2009 TRO. The sole purpose of lodging the Report was to satisfy the Court that Defendant had complied with the TRO's other provisions. Part of the parties' stipulated dismissal was an agreement to vacate the TRO Order, which the Court approved.

The Court finds that Defendant, under the Court's Order, lodged the Report pursuant to Civ. L.R. 1-5(m), and that the Report was never filed in the docket of the case. Since the TRO was vacated by the court-approved stipulation of the parties, the need to create a record for appellate

---

[4] The Court is using the term "unseal" because it is the term used by MediaPost. The Court makes a distinction between documents that are "filed under seal" and documents that are "lodged" with the Court but that are not filed – sealed or unsealed. The Court treats the Motion before it as a Motion to Compel the Court to File a Document Previously Lodged for *In Camera* Inspection.

4

1 review was not present. While the Court recognizes that the public has some general interest in
2 monitoring the actions of the judiciary, as MediaPost contends in its Motion,[5] MediaPost has not
3 provided the Court with a compelling reason why that interest must outweigh the respective interests
4 of the parties in this case to negotiate a mutually beneficial settlement. MediaPost admits that if
5 Defendant had provided the Report to Plaintiff directly and Plaintiff reacted by dismissing its action,
6 the Report would be in the nature of discovery and not accessible to the public. (Id. at 5.) The
7 Court is not persuaded that the Report should become public record simply because Defendant also
8 provided the Court with a copy of the Report to ensure that Defendant had complied with the terms
9 of the TRO.

### 5. The Rules of Civil Procedure do not require the Court to file all documents that are lodged for *in camera* consideration by the Court

MediaPost contends that Federal Rule of Civil Procedure 5 requires that any document lodged with the Court must also be promptly filed. (Motion at 4.) Specifically, MediaPost points to Fed. R. Civ. P. 5(d)(2)(B), which states: "A paper is filed by delivering it . . . to a judge who agrees to accept it for filing, and who must then note the filing date on the paper and promptly send it to the clerk." On its face, the Rule only requires a document to be filed when the judge accepts it for filing. Here, the Court did not accept the document for filing, but only accepted it as temporarily lodged with the Court for the sole purpose of ensuring compliance with a TRO. MediaPost cites no authority for the proposition that Rule 5(d)(2)(B) prohibits lodging a document without also filing it, and the Court declines to give the Rule such sweeping meaning.

MediaPost further contends that even if the Report was lodged, and not filed, Defendant's failure to file the Report violated Fed. R. Civ. P. 5(d)(1), which requires that "[a]ny paper after the complaint that is required to be served . . . must be filed within a reasonable time after service." (Motion at 4-5.) However, the TRO only required that Defendant "disclose to Plaintiff and the Court the status of the Gmail Account." (Docket Item No. 23.) Since Defendant was not required to serve the Report under the terms of the TRO, Rule 5(d)(1) is inapplicable here.

---

[5] (Motion at 6.)

5

Finally, MediaPost relies on a Second Circuit case for the proposition that a district judge does not have discretion to withhold documents from filing by having them submitted in chambers instead of to the clerk's office. (Motion at 4 (citing International Business Machines Corp. v. Edelstein, 526 F.2d 37, 46 (2d Cir. 2006).) However, Edelstein involved much different circumstances than those present here. In Edelstein, the judge had formalized a procedure under which all papers related to the case were to be sent to the court's chambers instead of being filed with the clerk, and the judge refused to forward to the clerk for filing the submissions of one of the parties. Edelstein, 526 F.2d at 44. In contrast to the case in Edelstein, where one of the litigants sought to file papers with the Clerk but was prevented from so doing by the judge, neither party here sought to file the Report with the clerk.

In sum, the Court finds no authority that would compel Defendant to file or otherwise provide the public with access to the Report that was lodged pursuant to the Court's Civil Local Rules. Accordingly, the Court DENIES MediaPost's Motion to Unseal.

**B.    Conclusion**

The Court GRANTS MediaPost's Motion for Reconsideration. Upon reconsideration, the Court GRANTS MediaPost's Motion for Leave to Intervene for the limited purpose of considering the merits of its objection to the refusal of the Court to file a document previously submitted for *in camera* inspection. Having considered the merits of the motion, the Court DENIES MediaPost's Motion to Unseal.

Dated: January 27, 2010

_____
JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Albert Gidari AGidari@perkinscoie.com
Erica L. Craven-Green ecravengreen@gmail.com
Grace Yazgulian Horoupian grace.horoupian@kutakrock.com
Troy Philip Sauro tsauro@perkinscoie.com

**Dated: January 27, 2010**                               **Richard W. Wieking, Clerk**

                                                   **By:     /s/ JW Chambers**
                                                          **Elizabeth Garcia**
                                                          **Courtroom Deputy**